# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARQUES NEAL** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO.** |
| **WHOLE FOOD MARKET, INC., AND** | * | **SECTION "     "** |
| **WHOLE FOOD COMPANY, INC.** | | |
| | * | **MAGISTRATE "      "** |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Marques Neal who files this Complaint and respectfully avers as follows:

## PARTIES

### I.

Complainant, Marques Neal ("Neal"), is an individual of full age of majority, and a citizen and resident of this State and District.

### II.

Defendant, Whole Food Market, Inc., upon information and belief, is a Texas corporation with its principal place of business in the State of Texas that does business in the State of Louisiana.

### III.

Defendant, Whole Food Company, Inc., upon information and belief, is a subsidiary of Whole Food Market, Inc. and a Louisiana corporation with its principal place of business in the State of Louisiana.

00064713.WPD;1

## JURISDICTION AND VENUE

### IV.

Neal herein asserts claims of unlawful and discriminatory employment practices arising under 42 U.S.C. § 1981A, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, and the Fair Labor Standards Act.  It has been more than 180 days from the filing of Neal's initial charge with the U.S. Equal Employment Opportunity Commission.  A Notice of Rights from the U.S. Equal Employment Opportunity Commission, dated April 5, 2017, has been issued.  Therefore, federal subject matter jurisdiction exists.

### V.

Venue is proper in the United States District Court for the Eastern District of Louisiana as events giving rise to the claims herein occurred within this judicial district.

## FACTUAL ALLEGATIONS

### VI.

Neal, an African-American male, experienced ongoing race discrimination, ongoing hostile work environment, and ongoing retaliation for engaging in protected activity while employed by Whole Food Company, Inc., and Whole Food Market, Inc. (collectively hereinafter "Whole Food"), from March 2014, through June 14, 2016.

### VII.

Neal began his employment with Whole Food in March 2014, in Houston, Texas.  Neal's supervisor and co-team members in the meat department engaged in inappropriate and harassing discriminatory conversations.

**VIII.**

On one occasion, Neal's supervisor/team leader, engaged in discussion concerning slaves among other team members and commented that his family previously owned slaves.

**IX.**

On a separate occasion, Neal's supervisor/team leader, told Neal "This is an off the record question and I hope that you don't get offended, but as a black man, how did you feel about Bill Cosby doing what he did with those women?"

**X.**

Neal reported this conduct and general hostility towards him, an African-American, in the workplace to Whole Food's personnel department. In response, Neal was advised that the complaint had been investigated, and Neal's supervisor/team leader admitted to the reported conduct. Upon information and belief, no disciplinary action was taken.

**XI.**

In or about June 2015, Neal transferred to the Whole Food's store located on Veterans Blvd. in Metairie, Louisiana ("Whole Food on Veterans"). While employed at Whole Food on Veterans, Neal continued to encounter ongoing race discrimination, harassment, and retaliation, and further experienced religious discrimination.

**XII.**

Neal was often yelled at with condescension and was subjected to verbal abuse in the workplace. Additionally, Neal experienced and observed non-African-American supervisors treating African-American team members, including himself, in a degrading manner that was distinct from the treatment received by non-African-American employees.

## XIII.

Neal's immediate supervisor, Josh, threw a chicken towards him and displayed an offensive and condescending image of an African-American male as a screen saver on his workplace computer that was visible to all and created an uncomfortable and hostile work environment.

## XIV.

Neal's immediate supervisor, Josh, also enforced certain regulations on Neal that were not enforced on non-African-American team members. For example, Neal was required to complete daily poultry logs. Yet, non-African-American store team leaders and meat department team members were not required to complete or sign logs. Neal brought this to his supervisor's attention, to no avail.

## XV.

While employed at the Whole Food Veterans store, Neal submitted a Family Medical Leave request seeking a scheduling adjustment to accommodate his daughter's medical needs. Neal's supervisor/team leader unnecessarily delayed the requested scheduling changes and offered resistance to Neal's request. Additionally, Neal's manager had specific knowledge of Neal's religious beliefs and practices. In fact, he submitted a reference on Neal's behalf to participate in seminary school. Yet, when Neal requested certain Sunday mornings off to observe and to participate in holy services, his requests were either ignored, or initially granted, then denied at the last minute, all without explanation. Neal observed that his non-African-American team members' scheduling requests and preferences were routinely granted.

00064713.WPD;1                                    -4-

## XVI.

Significantly, at some point on or about May 28, 2016, a customer approached Neal requesting for three whole chickens with bone-in to be ground. Neal explained that he could not grind three bone-in whole chickens because it was his understanding that doing so violated Whole Food's policy and FDA regulations. Dissatisfied, the customer went to Neal's supervisor/team leader. Neal's supervisor/team leader marched towards Neal and berated him in front of the customer. Then, Neal's supervisor/team leader ordered Neal to grind the chickens, as requested. Neal did not do so. Instead, Neal reported the entire incident to Whole Food's Regional Department.

## XVII.

A week or so later, Neal was summoned by his immediate supervisor/team leader and the store manager to a meeting. The manager explained to Neal that he was being written up for insubordination for not following instructions to grind the chickens with the bone in for the customer. The manager further stated that he was tired of Neal calling the Regional Office to complain about what was happening in the meat department.

## XVIII.

Neal was presented with a written disciplinary action form. Neal denied the allegations, declined to sign the form, and asked, if he was such a bad employee, why were his numbers higher than the store has ever seen and second in the region? Neal further mentioned that he works off of the clock 20-30 minutes every day because his supervisor/team leader continues to limit his time on the clock which makes it harder for Neal to have a presentable case prepared in the morning.

## XIX.

At that point, the manager abruptly interrupted and said "What did you say about working off the clock?" Neal further explained that he does not have enough time to prepare and to open his case in the morning given the time limitations on the clock imposed by Neal's supervisor/team leader. Neal also stated that supervisor/team leader was fully aware that Neal and others come in early to prepare off of the clock.

## XX.

The manager then walked into the hall and audibly called someone on the phone. Neal heard him asking if he could "fucking fire his ass for working off the clock." The manager ended the call and returned to the conference, irate.

## XXI.

At that point, Neal was in pain. The stress and intimidation was aggravating his Crohn's disease. Neal told his manager and supervisor/team leader that his stomach was hurting. The manager yelled, "Do you need me to get you a fucking ambulance?" Neal responded that he did not, but that he would like to call his wife because she would know what to do. The manager's final words to Neal were "You are suspended indefinitely!" and to "get the fuck out of here now!"

## XXII.

Neal left Whole Food on Veterans and went to the EEOC office where he made his initial statement. Neal was subsequently called back to the EEOC office on June 16, 2016, to complete his charge of discrimination.

**XXIII.**

On or about June 16, 2016, Whole Food called Neal to attempt to schedule a meeting. Neal was unable to attend.

**XXIV.**

On June 20, 2016, Neal received correspondence via UPS delivery. The letter was not dated. The letter purports to advise Neal regarding his shift on Saturday, June 18, 2016, as well as his schedule for the following two weeks. However, significantly, the letter was not delivered to Neal until June 20, 2016.

**XXV.**

Thereafter, Neal received correspondence, dated June 23, 2016, advising that he was separated from his position of employment at Whole Food because he was absent for three consecutive scheduled days and specifically, June 18, June 19, and June 20, 2016. Again, Neal did not even receive the correspondence concerning his schedule for those three days until June 20, 2016. Significantly, although Whole Food appears to deny that Neal was suspended, the correspondence expresses that Neal is missed, the matter has been researched, and issues will be addressed "upon his return" to work.

**XXVI.**

Notwithstanding the information provided to Neal through written correspondence by Whole Food, the Louisiana Workforce Commission Separation Notice indicates that Neal's date of separation is June 20, 2016, the date on which Neal received untimely notice of his work schedule.

## XXVII.

Similarly, on the Team Member Separation Form, it is recorded that Neal was notified concerning his separation on June 20, 2016.  This runs directly contrary to the correspondence produced by Whole Food, dated June 23, 2016, advising Neal as of that date that his position of employment was terminated.

## CAUSES OF ACTION

## XXVIII.

Neal avers that Whole Food engaged in ongoing unlawful discriminatory employment practices and subjected him to reprisal, retaliatory hostile work environment, race discrimination, and religious discrimination and is, therefore, liable to him under 42 U.S.C. § 1981A and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, the Louisiana Whistleblower Statute, La. Rev. Stat. 23:967, and/or the abuse of rights doctrine.  Whole Food specifically took reprisal against Neal when it suspended and terminated him after he, in good faith, advised his employer of ongoing harassment on the basis of race and hostile work environment, upon further advising that Neal and his co-workers worked and were expected to work off of the clock, and Neal filed a complaint with the Office of the U.S. Equal Employment Opportunity Commission. Moreover, Neal is entitled to pay and overtime for any work performed off-the-clock under the Fair Labor Standards Act.

## REQUEST FOR TRIAL BY JURY

## XXIX.

Neal respectfully requests a trial by jury.

## PRAYER

**WHEREFORE,** Complainant, Marques Neal, prays that Defendants be duly served with a copy of the foregoing Complaint and that after legal delays have expired, that there be judgment in his favor and against the Defendants, Whole Food Market, Inc., and Whole Food Company, Inc., including, without limitation, back pay, front pay, loss of benefits, other pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other non-pecuniary losses, attorney's fees, costs, and legal interest, as well as, all other equitable relief allowed by law, to which he is entitled.

Respectfully submitted:

**LOWE, STEIN, HOFFMAN,
   ALLWEISS & HAUVER, L.L.P.**

*/s/ Melanie C. Lockett*
**MELANIE C. LOCKETT (#30601)
701 Poydras Street, Suite 3600
New Orleans, Louisiana 70139
Telephone:    (504) 581-2450
Facsimile:    (504) 581-2461
Email:         mlockett@lowestein.com
Attorney for Marques Neal**

**PLEASE SERVE:**

Whole Food Market, Inc.
through the Louisiana Long Arm Statute:
550 Bowie Street
Austin, TX 78703-4644

Whole Food Company, Inc.
through its agent for service of process:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816